# TROY LAW, PLLC

ATTORNEYS / COUNSELORS AT LAW
Tel: 718 762 1324   johntroy@troypllc.com   Fax: 718 762 1342
41-25 Kissena Blvd., Suite 119, Flushing, New York 11355

August 9, 2019

<u>*Via ECF*</u>
Honorable Lois H. Goodman
United States District Court
District of New Jersey
402 East State Street
Trenton, NJ 08608

Re:   **Joint Letter Motion Requesting Court Approval of Settlement Agreement**
      *LIN et al. v WASABI N' WOK INC et al., 18-cv-11278*

Dear Judge Goodman:

The Parties write jointly to report that parties have come to an agreement on settling this matter.

## I.   Background

Plaintiff XINRONG LIN was employed by Defendants WASABI N' WOK INC and SIEW LAN LOW, HON WENG TAN, and "JOHN" CHEN, (collectively, "Defendants"),

This lawsuit was originally filed on July 01, 2018 for alleged violations of the Fair Labor Standards Act (FLSA) and the New Jersey Wage and Hour Law (NJWHL), and for alleged breach of contract. Plaintiff alleged that, pursuant to the FLSA, he is entitled to recover from the Defendants: (1) unpaid minimum wage, (2) unpaid overtime wages (3) liquidated damages, (4) prejudgment and post-judgement interest; and or (5) attorney's fees and costs. Defendants deny all of Plaintiff's claims in their entirety.

## II.   The FLSA Settlement is Fair and Reasonable

Based on the estimated total damages, the amount of Sixty-Three Thousand Dollars ($63,000.00) (inclusive of Plaintiff's legal fees) is fair and the proposed settlement agreement should be approved. This settlement was the result of a contested litigation and arms'-length bargaining between experienced counsels, and guidance of this Court.

Hon. Lois H. Goodman
August 9, 2019
Page 2

In this context, we note that the litigation risks faced by the parties are substantial. Plaintiff claimed that he was not paid at least the minimum hourly wage rate for all hours worked, and one and one half times the rate of regular hourly rate in excessing of forty hours (40) in a given workweek. If this settlement agreement does not go through, then the parties would go forward to a full trial on the merits. Afterward, the determination of the case could be the subject of a further appeal. The parties anticipate that further litigation would lead to increased litigation costs, use of judicial resources, and extensive delay of resolution. In light of these factors, including the serious risks posed by further litigation, this settlement agreement is a reasonable compromise over the contested issues, and the Court's approval of this settlement agreement would be appropriate.

"When analyzing a settlement agreement, a court must be mindful of the strong public policy in favor of settlements." *Regal v. Twp. of Springfield*, 2015 U.S. Dist. LEXIS 21748, at *2 (D.N.J. Feb. 24, 2015). "A court should approve a settlement if it is fair and resolves a bona fide dispute." *Id.* "A proposed settlement resolves a 'bona fide dispute' when it 'reflect[s] a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute,' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'" *Gabrielyan v. S.O. Rose Apts. LLC*, 2015 U.S. Dist. LEXIS 135615, at *3 (D.N.J. Oct. 5, 2015) (quoting *In re Chickie's & Pete's Wage & Hour Litig.*, No. 12-6820, 2014 U.S. Dist. LEXIS 30366, at *2 (E.D. Pa. Mar. 7, 2014)). "First, the court must determine that the settlement concerns a bona fide dispute. Second, the court must determine that the settlement is fair and reasonable to the Plaintiff-employee. And, third, the court must determine that the agreement does not frustrate the implementation of the FLSA in the workplace." *Gabrielyan*, 2015 U.S. Dist. LEXIS 135615, at *4.

The Settlement Agreement is attached hereto as Exhibit 1.

### A. Plaintiff's Assessment

Plaintiff's counsel evaluated Plaintiff's potential damages by discussing with Plaintiff in great detail the length of his employment, the nature of his work, the hours he worked, and the pay that he received as compensation.

Calculations were made based on this review and the potential damages for the Plaintiff are as follows:

Plaintiff XINRONG LIN claimed that he worked approximately seventy-two (72) hours on average each week from January 1, 1998 to June 12, 2017; and he was paid Three Thousand One Hundred Dollars ($3,100.00) per month from January 1, 1998 to

Hon. Lois H. Goodman
August 9, 2019
Page 3

May 31, 2014; and three thousand three hundred dollars ($3,300.00) per month from June 01, 2014 to June 12, 2017.

Plaintiff XINRONG LIN's unpaid wage and overtime compensation shortfall without liquidated damages under the FLSA was Ninety-Three Thousand Eighty-One Dollars And Seventy-Six Cents ($93,081.76) and his unpaid wage and overtime compensation shortfall under the NJWHL was Forty-Five Thousand Four Hundred Thirty-One Dollars And Twenty-One Cents ($45,431.21). The prejudgment interest is Two Thousand Nine Hundred Seventy Five Dollars and Thirty Four Cents ($2,975.34). The sum of FLSA compensatory and liquidated damages, with prejudgment interest, is One Hundred Eighty Nine Thousand One Hundred Thirty Eight Dollars and Eighty Six Cents ($189,138.86).

Plaintiff's Damages Calculation is attached hereto as Exhibit 02.

After extensive negotiations, and given the inherent risks of litigation and Defendant's capacity to pay the judgment, Plaintiff and Defendants agreed to settle for the proposed settlement amount of Sixty-Three Thousand Dollars ($63,000.00) inclusive of attorney fees of the Plaintiff's counsel.

### B. Defendants' Assessment

Defendants, for the purposes of settlement negotiation only, accepted as true, Plaintiff's allegations of period of employment, hours worked and amount of compensation.

Plaintiff is not entitled to recover compensatory damages under either the FLSA or the NJWHL. As such, Plaintiff's calculation of compensatory damages under the FLSA and the NJWHL is without merit.

Moreover, the Court has the discretion to reduce or deny liquidated damages if the employer shows that its actions were in good faith and undertaken with reasonable grounds to believe that the act or omission was not a violation of the FLSA. Defendants showed that their action was in good faith and there was no willful underpayment. As such, Defendants are of the position that Plaintiff is not entitled to any liquidated damages.

### III. The Attorneys' Fees Are Fair and Reasonable

Altogether, Defendants will pay in the total amount of Sixty-Three Thousand Dollars ($63,000.00).

3

Hon. Lois H. Goodman
August 9, 2019
Page 4

The out-of-pocket expenses, which are necessary and incidental to the representation of Plaintiff, are documented to the amount of One Thousand One Hundred Forty Dollars And Ninety-Five Cents ($1,140.95). The Net Recovery Amount after the Total Settlement Amount has been reduced by out-of-pocket expenses is Sixty-One Thousand Eight Hundred Fifty-Nine Dollars And Five Cents ($61,859.05).

Of the Net Settlement Amount, One Third (1/3), or Twenty Thousand Six Hundred Nineteen Dollars And Sixty-Eight Cents ($20,619.68), is due to Plaintiff's attorneys, Troy Law, PLLC, in addition to the aforementioned out-of-pocket expenses of One Thousand One Hundred Forty Dollars And Ninety-Five Cents ($1,140.95) for a total of Twenty-One Thousand Seven Hundred Sixty Dollars And Sixty-Three Cents ($21,760.63). Of the Net Settlement Amount, Two Thirds (2/3), or Forty-One Thousand Two Hundred Thirty-Nine Dollars And Thirty-Seven Cents ($41,239.37) is due to Plaintiff.

The retainer agreements agreed to and signed by Plaintiff provided that Plaintiff's counsel could recover One Third (1/3) of net recovery of any settlement in addition to costs and expenses. Plaintiffs' Counsel seek only One Third (1/3) of net recovery of any settlement in addition to costs and expenses.

For the reasons provided above, the parties respectfully seek this Court's approval of the settlement.

Respectfully Submitted,

| **TROY LAW PLLC** | **Wang, Gao & Associates, P.C.** |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |
| | |
| _/s/ Aaron B. Schweitzer_____ | /s/ Heng Wang |
| Aaron B. Schweitzer, Esq. | Heng Wang, Esq. |
| 41-25 Kissena Blvd., Suite 119 | 36 Bridge Street |
| Flushing, NY 11355 | Metuchen, NJ 08840 |
| Tel.: 718 762 1324 | Tel: (732) 767-3020 |