# SETTLEMENT AGREEMENT & RELEASE

This Settlement Agreement is made by and among, (i) XINRONG LIN (hereinafter "Plaintiff") (ii) WASABI N' WOK INC; SIEW LAN LOW, HON WENG TAN, and "JOHN" CHEN (hereinafter, "Defendants"), (Plaintiff and Defendants, collectively, "the Parties"); and

**WHEREAS**, Plaintiff was employed by Defendants for certain time periods; and

**WHEREAS**, on or about July 1, 2018, Plaintiff brought forth an action in the United States District Court, District of New Jersey, against Defendants, alleging violations, *inter alia,* under the Fair Labor Standards Act (hereinafter "FLSA") and the New Jersey Wage and Hour Law (hereinafter "NJWHL"), entitled <u>Xinrong Lin v. Wasabi N' Wok, Inc., *et al.*,</u> 18-cv-11278 (hereinafter the "Complaint"); and

**WHEREAS**, on or about August 6, 2018, Defendants filed an Answer with Affirmative Defenses to the Complaint, and denied, both generally and specifically, the allegations in Plaintiff's Complaint;

**WHEREAS**, Plaintiff and Defendants wish to avoid the uncertainties and expense of future proceedings in this matter and desire to forego further litigation of this matter; and whereas the Parties have determined it to be in their mutual interest to settle this matter; and

**WHEREAS**, Plaintiff and Defendants recognize the inherent risks of litigation and of going to trial, and whereas each side recognizes and acknowledges that they may have obtained an equal, a better, or a worse result if they had proceeded toward trial as opposed to settling this matter; and

**WHEREAS**, Defendants are willing to enter into this Agreement with Plaintiff and to provide Plaintiff with the consideration specified below, in exchange for Plaintiff's promises and releases set forth in this Agreement; and

**WHEREAS**, after much consideration and thought, Plaintiff and Defendants have agreed to voluntarily settle this action in accordance with, and in exchange for, entering into this Agreement; and

**WHEREAS**, Plaintiff has, throughout the negotiation and execution of this Agreement, been represented by his counsel, John Troy, Esq., Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355; and

**WHEREAS**, Defendants have, throughout the negotiation and execution of this Agreement, been represented by their counsel, Heng Wang, Esq., Wang, Gao & Associates, P.C., 36 Bridge Street, Metuchen, NJ 08840; and

**WHEREAS**, Plaintiff's Attorney and Defendants' Attorney have reached a settlement acceptable to the Parties which constitutes a reasonable compromise of Plaintiff's claims and Defendants' defenses; and

**WHEREAS**, Plaintiff's Attorney and Defendants' Attorney have reached a settlement acceptable to the Parties which constitutes a reasonable compromise of Plaintiff's claims and Defendants' defenses (the "Agreement"); and

**WHEREAS**, the Parties acknowledge that each has entered into this Agreement freely and voluntarily, without threats or coercion of any kind by anyone; and

**WHEREAS**, the Parties acknowledges that each understands the meaning and effect of the execution of this Agreement.

**NOW THEREFORE**, based upon the foregoing representations, and based upon good and valuable consideration, the sufficiency of which is hereby acknowledged, and in consideration of the mutual covenants and undertakings set forth herein, the Parties, intending to be legally bound, agree as follows:

1. **Consideration to be Provided to Plaintiff**

The Parties hereby incorporate each of the foregoing Whereas recitals and expressly make them a part of this Agreement as if they were set forth verbatim in this paragraph.

In consideration for the promises and representations made by Plaintiff in this Agreement, Defendants promise to pay Plaintiff the total amount of Sixty-Three Thousand Dollars ($63,000.00) (the "Settlement Sum"), to be paid in accordance with the following payment schedule:

i) <u>Installment 1 of 19</u>: $9,000 - Nine Thousand Dollars – Due within 1 month of Receipt of a Court Order approving this fully-executed Agreement, and the receipt by Defendants' Counsel, of a W-9 executed by Plaintiff's Counsel. This installment shall be mailed or hand delivered to Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355. This $9,000 payment shall consist of the following:

(1) A bank check made payable to "Troy Law, PLLC" in the amount of One Thousand One Hundred Forty Dollars And Ninety-Five Cents ($1,140.95) and memo noting "WASABI N' WOK INC Settlement Payment 1 of 19" representing out-of-pocket costs expended on behalf of Plaintiff for the present action;

(2) A bank check of Two Thousand Six Hundred Nineteen Dollars And Sixty-Eight Cents ($2,619.68), made payable to "Troy Law, PLLC" and memo noting "WASABI N' WOK INC Settlement Payment 1 of 19" as payment for attorneys' fees and costs, for which the Defendants shall issue a form 1099;

(3) A bank check of Two Thousand Six Hundred Nineteen Dollars and Sixty-Nine Cents ($2,619.69), for which the Defendants shall issue a form 1099, made payable to "XINRONG LIN" and memo noting "WASABI N' WOK INC Settlement Payment 1 of 19" ;

(4) A bank check of Two Thousand Six Hundred Nineteen Dollars and Sixty-Nine Cents ($2,619.69) gross wages, minus lawful tax withholdings and deductions, for which the Defendants shall issue a form W-2, made

payable to "XINRONG LIN" and memo noting "WASABI N' WOK INC Settlement Payment 1 of 19";

ii) <u>Installment 2 of 19</u>: $3,000 - Three Thousand Dollars - Due within 2 months of Receipt of a Court Order approving this fully-executed Agreement, and the receipt by Defendants' Counsel, of a W-9 executed by Plaintiff's Counsel. This installment shall be mailed or hand delivered to Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355. This $3,000 payment shall consist of the following checks:

> (1) A bank check of One Thousand Dollars ($1,000.00), made payable to "Troy Law, PLLC" and memo noting "WASABI N' WOK INC Settlement Payment 2 of 19" as payment for attorneys' fees and costs, for which the Defendants shall issue a form 1099;

> (2) A bank check of One Thousand Dollars ($1,000.00), for which the Defendants shall issue a form 1099, made payable to "XINRONG LIN" and memo noting "WASABI N' WOK INC Settlement Payment 2 of 19";

> (3) A bank check of One Thousand Dollars ($1,000.00), gross wages, minus lawful tax withholdings and deductions, for which the Defendants shall issue a form W-2, made payable to "XINRONG LIN" and memo noting "WASABI N' WOK INC Settlement Payment 2 of 19";

iii) <u>Installment 3 of 19</u>: $3,000 - Three Thousand Dollars - Due within 3 months of Receipt of a Court Order approving this fully-executed Agreement, and the receipt by Defendants' Counsel, of a W-9 executed by Plaintiff's Counsel. This installment shall be mailed or hand delivered to Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355. This $3,000 payment shall consist of the following checks:

> (1) A bank check of One Thousand Dollars ($1,000.00), made payable to "Troy Law, PLLC" and memo noting "WASABI N' WOK INC Settlement Payment 3 of 19" as payment for attorneys' fees and costs, for which the Defendants shall issue a form 1099;

> (2) A bank check of One Thousand Dollars ($1,000.00), for which the Defendants shall issue a form 1099, made payable to "XINRONG LIN" and memo noting "WASABI N' WOK INC Settlement Payment 3 of 19";

> (3) A bank check of One Thousand Dollars ($1,000.00), gross wages, minus lawful tax withholdings and deductions, for which the Defendants shall issue a form W-2, made payable to "XINRONG LIN" and memo noting "WASABI N' WOK INC Settlement Payment 3 of 19";

iv) <u>Installment 4 of 19</u>: $3,000 - Three Thousand Dollars - Due within 4 months of Receipt of a Court Order approving this fully-executed Agreement, and the receipt by Defendants' Counsel, of a W-9 executed by Plaintiff's Counsel. This installment shall be mailed or hand delivered to Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355. This $3,000 payment shall consist of the following checks:

> (1) A bank check of One Thousand Dollars ($1,000.00), made payable to "Troy Law, PLLC" and memo noting "WASABI N' WOK INC Settlement Payment 4 of 19" as payment for attorneys' fees and costs, for which the Defendants shall issue a form 1099;

> (2) A bank check of One Thousand Dollars ($1,000.00), for which the Defendants shall issue a form 1099, made payable to "XINRONG LIN" and memo noting "WASABI N' WOK INC Settlement Payment 4 of 19";

> (3) A bank check of One Thousand Dollars ($1,000.00), gross wages, minus lawful tax withholdings and deductions, for which the Defendants shall issue a form W-2, made payable to "XINRONG LIN" and memo noting "WASABI N' WOK INC Settlement Payment 4 of 19";

v) <u>Installment 5 of 19</u>: $3,000 - Three Thousand Dollars - Due within 5 months of Receipt of a Court Order approving this fully-executed Agreement, and the receipt by Defendants' Counsel, of a W-9 executed by Plaintiff's Counsel. This installment shall be mailed or hand delivered to Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355. This $3,000 payment shall consist of the following checks:

> (1) A bank check of One Thousand Dollars ($1,000.00), made payable to "Troy Law, PLLC" and memo noting "WASABI N' WOK INC Settlement Payment 5 of 19" as payment for attorneys' fees and costs, for which the Defendants shall issue a form 1099;

> (2) A bank check of One Thousand Dollars ($1,000.00), for which the Defendants shall issue a form 1099, made payable to "XINRONG LIN" and memo noting "WASABI N' WOK INC Settlement Payment 5 of 19";

> (3) A bank check of One Thousand Dollars ($1,000.00), gross wages, minus lawful tax withholdings and deductions, for which the Defendants shall issue a form W-2, made payable to "XINRONG LIN" and memo noting "WASABI N' WOK INC Settlement Payment 5 of 19";

vi) <u>Installment 6 of 19</u>: $3,000 - Three Thousand Dollars - Due within 6 months of Receipt of a Court Order approving this fully-executed Agreement, and the receipt by Defendants' Counsel, of a W-9 executed by Plaintiff's Counsel. This installment shall

be mailed or hand delivered to Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355. This $3,000 payment shall consist of the following checks:

> (1) A bank check of One Thousand Dollars ($1,000.00), made payable to "Troy Law, PLLC" and memo noting "WASABI N' WOK INC Settlement Payment 6 of 19" as payment for attorneys' fees and costs, for which the Defendants shall issue a form 1099;

> (2) A bank check of One Thousand Dollars ($1,000.00), for which the Defendants shall issue a form 1099, made payable to "XINRONG LIN" and memo noting "WASABI N' WOK INC Settlement Payment 6 of 19";

> (3) A bank check of One Thousand Dollars ($1,000.00), gross wages, minus lawful tax withholdings and deductions, for which the Defendants shall issue a form W-2, made payable to "XINRONG LIN" and memo noting "WASABI N' WOK INC Settlement Payment 6 of 19";

vii) Installment 7 of 19: $3,000 - Three Thousand Dollars - Due within 7 months of Receipt of a Court Order approving this fully-executed Agreement, and the receipt by Defendants' Counsel, of a W-9 executed by Plaintiff's Counsel. This installment shall be mailed or hand delivered to Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355. This $3,000 payment shall consist of the following checks:

> (1) A bank check of One Thousand Dollars ($1,000.00), made payable to "Troy Law, PLLC" and memo noting "WASABI N' WOK INC Settlement Payment 7 of 19" as payment for attorneys' fees and costs, for which the Defendants shall issue a form 1099;

> (2) A bank check of One Thousand Dollars ($1,000.00), for which the Defendants shall issue a form 1099, made payable to "XINRONG LIN" and memo noting "WASABI N' WOK INC Settlement Payment 7 of 19";

> (3) A bank check of One Thousand Dollars ($1,000.00), gross wages, minus lawful tax withholdings and deductions, for which the Defendants shall issue a form W-2, made payable to "XINRONG LIN" and memo noting "WASABI N' WOK INC Settlement Payment 7 of 19";

viii)   Installment 8 of 19: $3,000 - Three Thousand Dollars - Due within 8 months of Receipt of a Court Order approving this fully-executed Agreement, and the receipt by Defendants' Counsel, of a W-9 executed by Plaintiff's Counsel. This installment shall be mailed or hand delivered to Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355. This $3,000 payment shall consist of the following checks:

(1) A bank check of One Thousand Dollars ($1,000.00), made payable to "Troy Law, PLLC" and memo noting "WASABI N' WOK INC Settlement Payment 8 of 19" as payment for attorneys' fees and costs, for which the Defendants shall issue a form 1099;

(2) A bank check of One Thousand Dollars ($1,000.00), for which the Defendants shall issue a form 1099, made payable to "XINRONG LIN" and memo noting "WASABI N' WOK INC Settlement Payment 8 of 19";

(3) A bank check of One Thousand Dollars ($1,000.00), gross wages, minus lawful tax withholdings and deductions, for which the Defendants shall issue a form W-2, made payable to "XINRONG LIN" and memo noting "WASABI N' WOK INC Settlement Payment 8 of 19";

ix) <u>Installment 9 of 19</u>: $3,000 - Three Thousand Dollars - Due within 9 months of Receipt of a Court Order approving this fully-executed Agreement, and the receipt by Defendants' Counsel, of a W-9 executed by Plaintiff's Counsel. This installment shall be mailed or hand delivered to Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355. This $3,000 payment shall consist of the following checks:

(1) A bank check of One Thousand Dollars ($1,000.00), made payable to "Troy Law, PLLC" and memo noting "WASABI N' WOK INC Settlement Payment 9 of 19" as payment for attorneys' fees and costs, for which the Defendants shall issue a form 1099;

(2) A bank check of One Thousand Dollars ($1,000.00), for which the Defendants shall issue a form 1099, made payable to "XINRONG LIN" and memo noting "WASABI N' WOK INC Settlement Payment 9 of 19";

(3) A bank check of One Thousand Dollars ($1,000.00), gross wages, minus lawful tax withholdings and deductions, for which the Defendants shall issue a form W-2, made payable to "XINRONG LIN" and memo noting "WASABI N' WOK INC Settlement Payment 9 of 19";

x) <u>Installment 10 of 19</u>: $3,000 - Three Thousand Dollars - Due within 10 months of Receipt of a Court Order approving this fully-executed Agreement, and the receipt by Defendants' Counsel, of a W-9 executed by Plaintiff's Counsel. This installment shall be mailed or hand delivered to Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355. This $3,000 payment shall consist of the following checks:

(1) A bank check of One Thousand Dollars ($1,000.00), made payable to "Troy Law, PLLC" and memo noting "WASABI N' WOK INC Settlement Payment 10 of 19" as payment for attorneys' fees and costs, for which the Defendants shall issue a form 1099;

(2) A bank check of One Thousand Dollars ($1,000.00), for which the Defendants shall issue a form 1099, made payable to "XINRONG LIN" and memo noting "WASABI N' WOK INC Settlement Payment 10 of 19";

(3) A bank check of One Thousand Dollars ($1,000.00), gross wages, minus lawful tax withholdings and deductions, for which the Defendants shall issue a form W-2, made payable to "XINRONG LIN" and memo noting "WASABI N' WOK INC Settlement Payment 10 of 19";

xi) Installment 11 of 19: $3,000 - Three Thousand Dollars - Due within 11 months of Receipt of a Court Order approving this fully-executed Agreement, and the receipt by Defendants' Counsel, of a W-9 executed by Plaintiff's Counsel. This installment shall be mailed or hand delivered to Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355. This $3,000 payment shall consist of the following checks:

(1) A bank check of One Thousand Dollars ($1,000.00), made payable to "Troy Law, PLLC" and memo noting "WASABI N' WOK INC Settlement Payment 11 of 19" as payment for attorneys' fees and costs, for which the Defendants shall issue a form 1099;

(2) A bank check of One Thousand Dollars ($1,000.00), for which the Defendants shall issue a form 1099, made payable to "XINRONG LIN" and memo noting "WASABI N' WOK INC Settlement Payment 11 of 19";

(3) A bank check of One Thousand Dollars ($1,000.00), gross wages, minus lawful tax withholdings and deductions, for which the Defendants shall issue a form W-2, made payable to "XINRONG LIN" and memo noting "WASABI N' WOK INC Settlement Payment 11 of 19";

xii) Installment 12 of 19: $3,000 - Three Thousand Dollars - Due within 12 months of Receipt of a Court Order approving this fully-executed Agreement, and the receipt by Defendants' Counsel, of a W-9 executed by Plaintiff's Counsel. This installment shall be mailed or hand delivered to Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355. This $3,000 payment shall consist of the following checks:

(1) A bank check of One Thousand Dollars ($1,000.00), made payable to "Troy Law, PLLC" and memo noting "WASABI N' WOK INC Settlement Payment 12 of 19" as payment for attorneys' fees and costs, for which the Defendants shall issue a form 1099;

(2) A bank check of One Thousand Dollars ($1,000.00), for which the Defendants shall issue a form 1099, made payable to "XINRONG LIN" and memo noting "WASABI N' WOK INC Settlement Payment 12 of 19";

(3) A bank check of One Thousand Dollars ($1,000.00), gross wages, minus lawful tax withholdings and deductions, for which the Defendants shall issue a form W-2, made payable to "XINRONG LIN" and memo noting "WASABI N' WOK INC Settlement Payment 12 of 19";

xiii)   Installment 13 of 19: $3,000 - Three Thousand Dollars - Due within 13 months of Receipt of a Court Order approving this fully-executed Agreement, and the receipt by Defendants' Counsel, of a W-9 executed by Plaintiff's Counsel. This installment shall be mailed or hand delivered to Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355. This $3,000 payment shall consist of the following checks:

(1) A bank check of One Thousand Dollars ($1,000.00), made payable to "Troy Law, PLLC" and memo noting "WASABI N' WOK INC Settlement Payment 13 of 19" as payment for attorneys' fees and costs, for which the Defendants shall issue a form 1099;

(2) A bank check of One Thousand Dollars ($1,000.00), for which the Defendants shall issue a form 1099, made payable to "XINRONG LIN" and memo noting "WASABI N' WOK INC Settlement Payment 13 of 19";

(3) A bank check of One Thousand Dollars ($1,000.00), gross wages, minus lawful tax withholdings and deductions, for which the Defendants shall issue a form W-2, made payable to "XINRONG LIN" and memo noting "WASABI N' WOK INC Settlement Payment 13 of 19";

xiv)   Installment 14 of 19: $3,000 - Three Thousand Dollars - Due within 14 months of Receipt of a Court Order approving this fully-executed Agreement, and the receipt by Defendants' Counsel, of a W-9 executed by Plaintiff's Counsel. This installment shall be mailed or hand delivered to Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355. This $3,000 payment shall consist of the following checks:

(1) A bank check of One Thousand Dollars ($1,000.00), made payable to "Troy Law, PLLC" and memo noting "WASABI N' WOK INC Settlement Payment 14 of 19" as payment for attorneys' fees and costs, for which the Defendants shall issue a form 1099;

(2) A bank check of One Thousand Dollars ($1,000.00), for which the Defendants shall issue a form 1099, made payable to "XINRONG LIN" and memo noting "WASABI N' WOK INC Settlement Payment 14 of 19";

(3) A bank check of One Thousand Dollars ($1,000.00), gross wages, minus lawful tax withholdings and deductions, for which the Defendants shall issue a form W-2, made payable to "XINRONG LIN" and memo noting "WASABI N' WOK INC Settlement Payment 14 of 19";

xv) <u>Installment 15 of 19</u>: $3,000 - Three Thousand Dollars - Due within 15 months of Receipt of a Court Order approving this fully-executed Agreement, and the receipt by Defendants' Counsel, of a W-9 executed by Plaintiff's Counsel. This installment shall be mailed or hand delivered to Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355. This $3,000 payment shall consist of the following checks:

> (1) A bank check of One Thousand Dollars ($1,000.00), made payable to "Troy Law, PLLC" and memo noting "WASABI N' WOK INC Settlement Payment 15 of 19" as payment for attorneys' fees and costs, for which the Defendants shall issue a form 1099;

> (2) A bank check of One Thousand Dollars ($1,000.00), for which the Defendants shall issue a form 1099, made payable to "XINRONG LIN" and memo noting "WASABI N' WOK INC Settlement Payment 15 of 19";

> (3) A bank check of One Thousand Dollars ($1,000.00), gross wages, minus lawful tax withholdings and deductions, for which the Defendants shall issue a form W-2, made payable to "XINRONG LIN" and memo noting "WASABI N' WOK INC Settlement Payment 15 of 19";

xvi) <u>Installment 16 of 19</u>: $3,000 - Three Thousand Dollars - Due within 16 months of Receipt of a Court Order approving this fully-executed Agreement, and the receipt by Defendants' Counsel, of a W-9 executed by Plaintiff's Counsel. This installment shall be mailed or hand delivered to Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355. This $3,000 payment shall consist of the following checks:

> (1) A bank check of One Thousand Dollars ($1,000.00), made payable to "Troy Law, PLLC" and memo noting "WASABI N' WOK INC Settlement Payment 16 of 19" as payment for attorneys' fees and costs, for which the Defendants shall issue a form 1099;

> (2) A bank check of One Thousand Dollars ($1,000.00), for which the Defendants shall issue a form 1099, made payable to "XINRONG LIN" and memo noting "WASABI N' WOK INC Settlement Payment 16 of 19";

> (3) A bank check of One Thousand Dollars ($1,000.00), gross wages, minus lawful tax withholdings and deductions, for which the Defendants shall issue a form W-2, made payable to "XINRONG LIN" and memo noting "WASABI N' WOK INC Settlement Payment 16 of 19";

xvii) <u>Installment 17 of 19</u>: $3,000 - Three Thousand Dollars - Due within 17 months of Receipt of a Court Order approving this fully-executed Agreement, and the receipt by Defendants' Counsel, of a W-9 executed by Plaintiff's Counsel. This installment shall

be mailed or hand delivered to Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355. This $3,000 payment shall consist of the following checks:

> (1) A bank check of One Thousand Dollars ($1,000.00), made payable to "Troy Law, PLLC" and memo noting "WASABI N' WOK INC Settlement Payment 17 of 19" as payment for attorneys' fees and costs, for which the Defendants shall issue a form 1099;

> (2) A bank check of One Thousand Dollars ($1,000.00), for which the Defendants shall issue a form 1099, made payable to "XINRONG LIN" and memo noting "WASABI N' WOK INC Settlement Payment 17 of 19";

> (3) A bank check of One Thousand Dollars ($1,000.00), gross wages, minus lawful tax withholdings and deductions, for which the Defendants shall issue a form W-2, made payable to "XINRONG LIN" and memo noting "WASABI N' WOK INC Settlement Payment 17 of 19";

xviii)   Installment 18 of 19: $3,000 - Three Thousand Dollars - Due within 18 months of Receipt of a Court Order approving this fully-executed Agreement, and the receipt by Defendants' Counsel, of a W-9 executed by Plaintiff's Counsel. This installment shall be mailed or hand delivered to Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355. This $3,000 payment shall consist of the following checks:

> (1) A bank check of One Thousand Dollars ($1,000.00), made payable to "Troy Law, PLLC" and memo noting "WASABI N' WOK INC Settlement Payment 18 of 19" as payment for attorneys' fees and costs, for which the Defendants shall issue a form 1099;

> (2) A bank check of One Thousand Dollars ($1,000.00), for which the Defendants shall issue a form 1099, made payable to "XINRONG LIN" and memo noting "WASABI N' WOK INC Settlement Payment 18 of 19";

> (3) A bank check of One Thousand Dollars ($1,000.00), gross wages, minus lawful tax withholdings and deductions, for which the Defendants shall issue a form W-2, made payable to "XINRONG LIN" and memo noting "WASABI N' WOK INC Settlement Payment 18 of 19";

xix)   Installment 19 of 19: $3,000 - Three Thousand Dollars - Due within 19 months of Receipt of a Court Order approving this fully-executed Agreement, and the receipt by Defendants' Counsel, of a W-9 executed by Plaintiff's Counsel. This installment shall be mailed or hand delivered to Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355. This $3,000 payment shall consist of the following checks:

> (1) A bank check of One Thousand Dollars ($1,000.00), made payable to "Troy Law, PLLC" and memo noting "WASABI N' WOK INC Settlement

Payment 19 of 19" as payment for attorneys' fees and costs, for which the Defendants shall issue a form 1099;

(2) A bank check of One Thousand Dollars ($1,000.00), for which the Defendants shall issue a form 1099, made payable to "XINRONG LIN" and memo noting "WASABI N' WOK INC Settlement Payment 19 of 19";

(3) A bank check of One Thousand Dollars ($1,000.00), gross wages, minus lawful tax withholdings and deductions, for which the Defendants shall issue a form W-2, made payable to "XINRONG LIN" and memo noting "WASABI N' WOK INC Settlement Payment 19 of 19";

xx)     Plaintiff further agrees that he will be individually responsible for his portion of any employee or other taxes due on the payments pursuant to this Agreement and agrees to indemnify and hold harmless Defendants for, and from, any such liability with respect to those payments. Defendants shall be responsible for the Employer's portion for any employee or other taxes due on the payments pursuant to this Agreement and agrees to indemnify and hold harmless Plaintiff for, and from , any such liability with respect to those payments.

Plaintiff acknowledges that his attorney's fees and expenses will be paid as part of the monies set forth in this Agreement, and there will be no further or separate claim for attorneys' fees or expenses incurred due to this lawsuit.

## 2.   Adequate Consideration

Plaintiff expressly stipulates that the consideration referred to in this Agreement constitutes adequate and ample consideration for the rights and claims he is waiving under this Agreement and for the obligations imposed upon him by virtue of this Agreement.  Plaintiff expressly agrees and acknowledges that Defendants have promised to pay the consideration referred to herein in exchange for the releases, waivers, and promises made by Plaintiff in this Agreement.  In exchange for this Agreement, Plaintiff's counsel will provide Defendants' counsel with an executed Stipulation of Discontinuance/Dismissal with Prejudice, upon execution of this agreement, and which will be filed with the Court.

## 3.   Release of Wage and Hour Claims

The Parties, and each of them, voluntarily and irrevocably release and forever discharge each other, solely from, and against, any and all wage and hour claims, obligations, debts, liabilities, demands, or causes of action with respect to any alleged acts occurring before the effective date of this Agreement as it relates to: any wage and hour claims made by the Plaintiff that he was not paid overtime, minimum wage, and/or other wages and/or tips, and/or tip credits, and was not provided with wage records or wage notices in connection with his employment in violation of the FLSA, New Jersey Wage and Hour Laws, or any other statutory or common law. The wage and hour claims released by Plaintiff include any and all wage and hour claims, which were actually asserted, or which could have been asserted, against Defendants concerning Plaintiff's employment with, or arising from their employment with, Defendants, pursuant to the FLSA, New Jersey Wage and Hour Laws, or other statutory or common law, which were

asserted during the course of this litigation, including, but not limited to, claims for unpaid overtime, unpaid minimum wage, unpaid tips, tip credits, as well as claims for failure to maintain and/or provide wage statements or records. Plaintiff understands that he is releasing any and all wage and hour claims, which were asserted, or which could have been asserted, against Defendants during the course of this litigation.

Moreover, Plaintiff understands and agrees that he may not reinstate the wage and hour claims that he brought in the Complaint. In addition, in the event any class or collective action brought against Defendants includes or may include Plaintiff, the Release given by Plaintiff herein shall operate as Plaintiff's waiver of all rights to be a class or collective member or to recover any damages.

Nothing in this Agreement shall infringe on the Plaintiff's ability to testify, assist or participate in an investigation, hearing or proceeding conducted by or to file a charge or complaint of discrimination with the National Labor Relations Board, U.S. Equal Employment Opportunity Commission or comparable state or local agencies. These agencies have the authority to carry out their statutory duties by investigating the charge or complaint, issuing a determination, filing a lawsuit in federal or state court in their own name, or taking any other action authorized by law. However, Plaintiff is precluded from receiving compensation as a result of any such action.

### 4. No Admission of Liability or Wrongdoing

Plaintiff agrees that nothing contained in this Agreement or otherwise shall constitute or be construed as an admission of any alleged liability or wrongdoing by Defendants. Defendants deny that they engaged in any wrongdoing of any kind with respect to Plaintiff.

### 5. Breach

In the event of a dispute as to the interpretation, application, or violation of this Agreement, including any breach of the Agreement, it is understood and agreed that such dispute shall be resolved before the United States District Court, District of New Jersey. The United States District Court, District of New Jersey shall retain jurisdiction for purposes of enforcing the Parties' Agreement. The parties agree that any such dispute shall be resolved by a judge, not by a jury.

### 6. Advice of Counsel

The Parties acknowledge that they have each had an opportunity to receive advice about the terms and legal effect of this Agreement from counsel of their choosing. The Parties hereby represent and acknowledge that they have each consulted with their respective attorneys about this Agreement before signing it and that their respective attorneys have addressed any questions or concerns that they may have regarding this Agreement.

### 7. Competence to Waive Claims

Each of the Parties confirms that he/she/it is competent to affect a knowing and voluntary release of claims under the Fair Labor Standards Act, New Jersey Wage and Hour Laws, and

statutory or common law, as contained herein, and to enter into this Agreement and is not affected or impaired by illness, use of alcohol, drugs, medication or other substances or otherwise impaired such that they lack a clear and complete understanding of this Agreement. Plaintiff confirms that he is not a party to any bankruptcy, lien, creditor-debtor or other proceeding which would impair the right to settle all claims, to waive all claims and to indemnify Defendants from any claims by or relating to said Plaintiff.

### 8.  Entire Agreement

Each of the Parties represents and agrees that he/she/it is not relying on any representations, promises, statements, or agreements not contained in this Agreement.   All parties represent and agree that this is an all-inclusive Agreement and that no other written, oral, and/or implied representations, promises, or agreements exist between them regarding the subject matter set forth in this Agreement.    This Agreement cannot be modified, amended, terminated, or otherwise changed unless it is done so pursuant to a written document signed by Plaintiff and Defendants or otherwise modified by court order.

This Agreement may be executed in counterparts, each of which shall be deemed an original and each of which shall together constitute one and the same agreement.  A signed fax or PDF copy shall, for all purposes, be deemed an original and in full force and effect.

The Parties acknowledge that each has read and fully understands this Agreement, and that this Agreement represents a fair, adequate, satisfactory, and reasonable resolution of the issues in dispute.

### 9.  Confession of Judgment

a)  Concurrent with the signing of this Agreement, an authorized corporate authority of WASABI N' WOK INC and SIEW LAN LOW, HON WENG TAN shall each sign a Confession of Judgment in the form annexed hereto as Exhibits B, C, and D in the amount of Ninety-Four Thousand Five Hundred Dollars ($94,500.00) or 1.5 times the Settlement Amount of Sixty-Three Thousand Dollars ($63,000.00) less payments made under the Agreement plus statutory interest thereon for each day beginning on and inclusive of the entry of judgment until said amount is paid by Defendants, together with all costs and attorney's fees incurred by Plaintiff in connection with any efforts to enforce the confessed judgments less any payments made under the Agreement, which Confession of Judgment shall be held in escrow by Plaintiff's Attorney and shall not be filed with the Court unless Defendants fail to pay any of the payments required by this Agreement on or by the dates they are due, and fail to cure within ten (10) calendar days of receiving notice of default, which notice shall be sent by email and first-class mail to Defendants' counsel.

b)  Upon receipt of the final installment from Defendants, Plaintiff's Attorney shall destroy the Confession of Judgment and confirm destruction of same to Defendants' Attorney.

### 10. Missed/ Late Payment

a)  If the payment is received by Plaintiff's counsel seven (7) or more days after its due date or if the check is received on time but bounces or is unpresentable for payment, including

being not signed or being made to the incorrect payee, Defendant agrees to pay a late charge of nine percent (9%) of that Settlement Payment in addition to whatever service charge is incurred as a result of the bounced check and this charge will be paid with the new payment.

b) Defendants agree to pay both Defendants' Counsel and Plaintiffs counsel for reasonable time spent conferring with each other, bank, and Defendants as a result of any late or non-depositable payment. This fee will be due alongside the late or non-depositable payment.

c) In addition, if payment is received more than thirty (30) days after the due date of the check, Defendant agrees to pay an additional interest charge accrued at a simple interest of nine percent (9%) per year.

<u>Attorneys' Fees in the Event of Default</u>

In the event of a breach of the agreement by Defendants for defaulting on the payment of the settlement amount, Defendant shall be responsible for Plaintiffs attorneys' fees and cost and disbursements of judgment lien enforcement proceedings.

**11. Stipulation Not To Sell without Advance Notice**

a) Defendants' sale of their business shall result in the accelerated payment of the entire Settlement sum.

b) Further, assuming that the Settlement Sum has not yet been paid in full, Defendants agree not to sell the business without giving Plaintiff three months advance notice in writing and further agree to hold any sale proceeds in escrow in the full amount of settlement sum still due to Plaintiffs.

c) Shall the proceeds be less than the full Settlement Sum, the entirety of the proceeds shall be held in escrow for Plaintiffs.

**12. Right of First Refusal**

a) Defendants agree that Plaintiff shall have the right of first refusal for any such sale, assuming that the Settlement Sum has not yet been paid in full.

**13. Acceleration of Settlement Sum Upon Default**

a) In the event Defendants breach this Settlement agreement by failing to make timely payment, such breach shall result in accelerated payment of the entire Settlement sum.

Tax

Each payer of a payment under this Agreement and each recipient of a payment under this Agreement will be responsible for all taxes that he/she is legally responsible to pay as a result of this Agreement.

**14. Discontinuance of Claims**

Plaintiff acknowledges and agrees that he is not presently aware of any legal proceeding other than the Lawsuit specified in this Agreement. Plaintiff agrees to dismiss, with prejudice, the Lawsuit specified in this Agreement with the form annexed hereto as Exhibit A ("Stipulation"), which Stipulation Plaintiff's attorneys shall file by ECF to be So-Ordered by the Court.

### 15. Denial of Wrongdoing

Nothing contained in this Agreement, nor the fact that Plaintiff has been paid Settlement Sums under it, shall be construed, considered, or deemed to be an admission of liability or wrongdoing by Defendants. Defendants deny liability and deny that they violated any legal duty with respect to Plaintiff, including with respect to Plaintiff's employment, including Plaintiff's pay while in Defendants' employ. The terms of this Agreement, including all facts, circumstances, statements and documents, shall not be admissible or submitted as evidence in any litigation, in any forum, for any purpose, other than to secure enforcement of the terms and conditions of this Agreement.

### 16. Choice of Law and Forum

This Agreement shall at all times be construed and governed by the laws of the State of New Jersey, regardless of conflicts of laws principles. Any dispute, claim or cause of action arising out of, or relating to, Plaintiff's employment with Defendants or this Agreement shall be resolved in the United States District Court of New Jersey, with the prevailing party being awarded reasonable attorneys' fees and costs.

### 17. Entire Agreement

The Parties acknowledge and agree that this Agreement reflects the entire agreement between the Parties regarding the subject matter herein and fully supersedes any and all prior agreements and understanding between the Parties hereto. There is no other agreement except as stated herein. Plaintiff acknowledges that Defendants have made no promises to them other than those contained in this Agreement.

### 18. Modification

This Agreement may not be changed unless the change is in writing and signed by the Parties.

### 19. General Provisions

The failure of any party to this Agreement to insist on strict adherence of any term hereof on any occasion shall not be considered a waiver or deprive that party of the right thereafter to insist upon strict adherence to that term or any other term hereof. The invalidity of any provision of this Agreement shall not affect the validity of any other provision hereof. This Agreement has been drafted and reviewed jointly by counsel for the Parties and no presumption or construction as to the drafting of this Agreement shall be applied against or in favor of any party.

### 20. Legal Counsel

Plaintiff is hereby advised of his right to consult with an attorney before signing this Agreement. Plaintiff each hereby acknowledges that he is fully and fairly represented by Troy Law, PLLC, in connection with the review, negotiation and signing of this Agreement.

**21. Execution**

The Parties agree that this Agreement may be executed in counterparts, and that signatures transmitted electronically shall bear the same weight as original signatures.

**PLAINTIFF ACKNOWLEDGES THAT HE HAS CAREFULLY READ THIS AGREEMENT, UNDERSTANDS IT, AND IS VOLUNTARILY ENTERING INTO IT WITH HIS OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.**

<u>**CERTIFICATE OF TRANSLATION**</u> (for Plaintiff)

I,  Tiffany Troy  , certify that I am fluent in both Chinese (Mandarin) and English and that I have correctly and accurately verbally translated both the Settlement Agreement and the Letter Requesting Judicial Approval of Proposed Settlement Agreement ("Joint Fairness Letter Motion") from English to Chinese (Mandarin) for Plaintiff(s) XINRONG LIN. After the translation, I asked if he understood the contents of the Settlement Agreement which he is signing and the Joint Fairness Letter Motion which explains that the Parties believe the Settlement is fair, and which I have translated, and he answered in the affirmative. He has signed the Settlement Agreement in my presence after the translation, after due consideration and without coercion.

_Lin Xin Rong_

XINRONG LIN (Plaintiff)

Translator Signature

Sworn to and subscribed before me this

7th day of August 2019

Notary Public, State of Arizona

VICTORIA RODRIGUEZ
MY COMMISSION EXPIRES
09-16-2021
NOTARY PUBLIC - STATE OF ARIZONA
MARICOPA COUNTY

SIEW LAN LOW (Defendant)

16 of 25

Plaintiff is hereby advised of his right to consult with an attorney before signing this Agreement. Plaintiff each hereby acknowledges that he is fully and fairly represented by Troy Law, PLLC, in connection with the review, negotiation and signing of this Agreement.

**21. Execution**

The Parties agree that this Agreement may be executed in counterparts, and that signatures transmitted electronically shall bear the same weight as original signatures.

**PLAINTIFF ACKNOWLEDGES THAT HE HAS CAREFULLY READ THIS AGREEMENT, UNDERSTANDS IT, AND IS VOLUNTARILY ENTERING INTO IT WITH HIS OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.**

<u>CERTIFICATE OF TRANSLATION</u> (for Plaintiff)

I, _____, certify that I am fluent in both Chinese (Mandarin) and English and that I have correctly and accurately verbally translated both the Settlement Agreement and the Letter Requesting Judicial Approval of Proposed Settlement Agreement ("Joint Fairness Letter Motion") from English to Chinese (Mandarin) for Plaintiff(s) XINRONG LIN. After the translation, I asked if he understood the contents of the Settlement Agreement which he is signing and the Joint Fairness Letter Motion which explains that the Parties believe the Settlement is fair, and which I have translated, and he answered in the affirmative. He has signed the Settlement Agreement in my presence after the translation, after due consideration and without coercion.

_____
Translator Signature

_____
XINRONG LIN (Plaintiff)

Sworn to and subscribed before me this

_____ day of _____ 2019

Notary Public, State of _____

_____
SIEW LAN LOW (Defendant)

Sworn to and subscribed before me this

_8_ day of _August_ 2019

Notary Public, State of _New Jersey_

VERONICA TKACH
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires 10/27/2020

_____
HON WENG TAN (Defendant)

Sworn to and subscribed before me this

_8_ day of _August_ 2019

Notary Public, State of _New Jersey_

VERONICA TKACH
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires 10/27/2020

_____
WASABI N' WOK INC. (Defendant)

By: _Hon Tan_

Title: _President_

Sworn to and subscribed before me this

_8_ day of _August_ 2019

Notary Public, State of _New Jersey_

VERONICA TKACH
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires 10/27/2020

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
----------------------------------------------------------x       Case No.18-cv-11278
LIN *et al.*
                                                    Plaintiff,     **STIPULATION AND ORDER OF**
                                                                   **DISMISSAL WITH PREJUDICE**
                        v.
WASABI N' WOK INC *et al.*

                                                    Defendants.
----------------------------------------------------------x


     **IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned

counsel for Plaintiff and Defendants in the above captioned action, that, in accordance with Rule

41 of the Federal Rules of Civil Procedure, the action shall be and hereby is dismissed, with

prejudice, and without costs or attorneys' fees to any party.  This Court retains jurisdiction to

enforce the Settlement Agreement and the Release of this action.


**TROY LAW, PLLC**                          **WANG, GAO & ASSOCIATES, P.C.**

*Attorneys for Plaintiff*                   *Attorneys for Defendant Wasabi N' Wok, Inc.,*
                                            *Siew Lan Low, and Hon Weng Tan*

By: /s/ Aaron Schweitzer                    By: _____
**Aaron Schweitzer**                        Heng Wang, Esq.
41-25 Kissena Blvd., Suite 119
Flushing, NY 11355                          36 Bridge Street
Tel: 718-762-1324                           Metuchen, NJ 08840
                                            Tel: 732-767-3020



SO ORDERED:


_____

**EXHIBIT B**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
-------------------------------------------------------x
XINRONG LIN,

                            Plaintiff,        Case No.18-cv-11278

            v.                   **AFFIDAVIT OF CONFESSION OF**

WASABI N' WOK INC,           **JUDGMENT BY SIEW LAN LOW**
SIEW LAN LOW,
HON WENG TAN, and
"JOHN" CHEN

                        Defendants.
-------------------------------------------------------x

SIEW LAN LOW, being duly sworn, deposes and states as follows:

1. I am an adult individual residing at _19, Liberty way, South Board Brook N.J. 08880 ._

2. I am individually named as a Defendant in LIN *et al.* v WASABI N' WOK INC *et al.*, Civil Action No. Case No. 18-cv-11278 filed in the United States District Court for District of New Jersey (the "Lawsuit").

3. I make this affidavit in support of Plaintiff's application for the entry of a judgment by confession against myself, in the sum of Ninety-Four Thousand Five Hundred Dollars ($94,500.00), plus statutory interest thereon for each day beginning on and inclusive of the entry of judgment until said amount is paid by Defendants, together with all costs and attorneys fees incurred by Plaintiffs in connection with any efforts to enforce the confessed judgments less any payments made under the Agreement.

4. This confession of judgment is for a debt due to Plaintiff XINRONG LIN (hereinafter "Plaintiff").

5. The facts out of which the debt arose and the sum confession due is set forth below:

6. On July 1, 2018, XINRONG LIN, through his attorneys, Troy Law, PLLC, filed a Complaint against Defendants in the United States District Court for the District of New Jersey (the "Court") alleging claims under the Fair Labor Standards Act ("FLSA") and the New Jersey Wage and Hour Law (the "NJWHL"), 18-cv-11278 (the "Complaint").

7. On or around_____, the Plaintiff and Defendants executed a Settlement Agreement and General Release, (the "Agreement").

8. The agreement provides that Defendants will pay Sixty-Three Thousand Dollars ($63,000.00).

9.  If Defendants fail to make payments as outlined in Paragraph 8, Plaintiff may, with notice or demand, except as noted below, declare the entire sum then unpaid immediately due or payable. To exercise this right, Plaintiff shall notify Defendants' Attorney, Heng Wang, Esq., Wang, Gao & Associates, P.C., 36 Bridge Street, Metuchen, NJ 08840, Tel: 732-767-3020, Email: heng.wang@wanggaolaw.com, in writing, via US Mail and Email, of his intent to do so, and Defendants shall then have ten (10) calendar days to remedy their default.

10. If Defendants do not remedy the default within ten (10) calendar days of Defendants' Attorney's receipt of such notice, I hereby authorize the entry of judgment against Defendants, including myself, jointly and severally, for the entire amount of Ninety-Four Thousand Five Hundred Dollars ($94,500.00), plus statutory interest thereon for each day beginning on and inclusive of the entry of judgment until said amount is paid by Defendants, together with all costs and attorneys fees incurred by Plaintiff's in connection with any efforts to enforce the confessed judgments less any payments made under the Agreement.

11. I am represented by counsel and have been fully advised in regard to this Agreement and Confession of Judgment.

12. I authorize entry of judgment in the State of New Jersey.

13. I hereby authorize this confessed judgment to be entered with the clerk of any court of competent jurisdiction in the State of New Jersey.

Dated: 08/08/2019

_____
SIEW LAN LOW

Sworn to me this 8 day of August 2019

_____
Notary Public

VERONICA TKACH
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires 10/27/2020

EXHIBIT C

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
--------------------------------------------------------x

XINRONG LIN.

                              Plaintiff,          Case No.18-cv-11278

            v.
                                                  **AFFIDAVIT OF CONFESSION OF**
WASABI N' WOK INC,                                **JUDGMENT BY HON WENG TAN**
SIEW LAN LOW,
HON WENG TAN, and
"JOHN" CHEN

                              Defendants.
--------------------------------------------------------x

HON WENG TAN, being duly sworn, deposes and states as follows:

1. I am an adult individual residing at _19 Liberty Way, South Bound Brook._
   _N.J. 08880._

2. I am individually named as a Defendant in LIN *et al.* v WASABI N' WOK INC *et al.*,
   Civil Action No. Case No. 18-cv-11278 filed in the United States District Court for
   District of New Jersey (the "Lawsuit").

3. I make this affidavit in support of Plaintiff's application for the entry of a judgment by
   confession against myself in the sum of Ninety-Four Thousand Five Hundred Dollars
   ($94,500.00), plus statutory interest thereon for each day beginning on and inclusive of
   the entry of judgment until said amount is paid by Defendants, together with all costs and
   attorneys fees incurred by Plaintiffs in connection with any efforts to enforce the
   confessed judgments less any payments made under the Agreement.

4. This confession of judgment is for a debt due to Plaintiff XINRONG LIN (hereinafter
   "Plaintiff").

5. The facts out of which the debt arose and the sum confession due is set forth below:

6. On July 1, 2018, XINRONG LIN, through his attorneys, Troy Law, PLLC, filed a
   Complaint against Defendants in the United States District Court for the District of New
   Jersey (the "Court") alleging claims under the Fair Labor Standards Act ("FLSA") and the
   New Jersey Wage and Hour Law (the "NJWHL"), 18-cv-11278 (the "Complaint").

7. On or around_____, the Plaintiff and Defendants executed a Settlement
   Agreement and General Release, (the "Agreement").

8. The Agreement provides that Defendants will pay Sixty-Three Thousand Dollars
   ($63,000.00).

9. If Defendants fail to make payments as outlined in Paragraph 8, Plaintiff may, with notice
   or demand, except as noted below, declare the entire sum then unpaid immediately due or
   payable. To exercise this right, Plaintiff shall notify Defendants' Attorney, Heng Wang,

Esq., Wang, Gao & Associates, P.C., 36 Bridge Street, Metuchen, NJ 08840, Tel: 732-767-3020, Email: heng.wang@wanggaolaw.com, in writing, via US Mail and Email, of his intent to do so, and Defendants shall then have ten (10) calendar days to remedy their default.

10. If Defendants do not remedy the default within ten (10) calendar days of Defendants' Attorney's receipt of such notice, I hereby authorize the entry of judgment against Defendants, including myself, jointly and severally, for the entire amount of Ninety-Four Thousand Five Hundred Dollars ($94,500.00), plus statutory interest thereon for each day beginning on and inclusive of the entry of judgment until said amount is paid by Defendants, together with all costs and attorneys fees incurred by Plaintiff's in connection with any efforts to enforce the confessed judgments less any payments made under the Agreement.

11. I am represented by counsel and have been fully advised in regard to this Agreement and Confession of Judgment.

12. I authorize entry of judgment in the State of New Jersey.

13. I hereby authorize this confessed judgment to be entered with the clerk of any court of competent jurisdiction in the State of New Jersey.

Dated: 8/8/19

_____
HON WENG TAN

Sworn to me this 8 day of August 2019

_____
Notary Public

VERONICA TKACH
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires 10/27/2020

**EXHIBIT D**

23 of 25

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
-----------------------------------------------------------x
XINRONG LIN,

                       Plaintiff,

       v.

WASABI N' WOK INC,
SIEW LAN LOW,
HON WENG TAN, and
"JOHN" CHEN

                     Defendants.
-----------------------------------------------------------x

Case No.18-cv-11278

**AFFIDAVIT OF CONFESSION OF**
**JUDGMENT BY** *Hon Tan*          ,
**ON BEHALF OF WASABI N' WOK**
**INC.**

Name: *Hon Tan*_____ being duly sworn, deposes and states as follows:

1. I am an adult individual residing at *19 Liberty Way . South Bound Brook*
   *N.J . 08880 .*

2. I am the Title: *President .* of Corporate Defendant WASABI N' WOK INC,
   which is named as a Defendant in LIN *et al.* v WASABI N' WOK INC *et al.*, Civil
   Action No. Case No. 18-cv-11278 filed in the United States District Court for District of
   New Jersey (the "Lawsuit").

3. Deponent is duly authorized to make this affidavit on behalf of Corporate Defendant
   WASABI N' WOK INC (the "Corporate Defendant").

4. I make this affidavit in support of Plaintiff's application for the entry of a judgment by
   confession against Defendants in the above referenced caption, jointly and severally, in
   the sum of Ninety-Four Thousand Five Hundred Dollars ($94,500.00), plus statutory
   interest thereon for each day beginning on and inclusive of the entry of judgment until
   said amount is paid by Defendants, together with all costs and attorneys fees incurred by
   Plaintiffs in connection with any efforts to enforce the confessed judgments less any
   payments made under the Agreement.

5. This confession of judgment is for a debt due to Plaintiff XINRONG LIN (hereinafter
   "Plaintiff").

6. The facts out of which the debt arose and the sum confession due is set forth below:

7. On July 1, 2018, XINRONG LIN, through his attorneys, Troy Law, PLLC, filed a
   Complaint against Defendants in the United States District Court for the District of New
   Jersey (the "Court") alleging claims under the Fair Labor Standards Act ("FLSA") and the
   New Jersey Wage and Hour Law (the "NJWHL"), 18-cv-11278 (the "Complaint").

8. On or around_____, the Plaintiff and Defendants executed a Settlement
   Agreement and General Release, (the "Agreement").

9. The Agreement provides that Defendants will pay Sixty-Three Thousand Dollars
   ($63,000.00).

10. If Defendants fail to make payments as outlined in Paragraph 9, Plaintiff may, with notice or demand, except as noted below, declare the entire sum then unpaid immediately due or payable. To exercise this right, Plaintiff shall notify Defendants' Attorney, Heng Wang, Esq., Wang, Gao & Associates, P.C., 36 Bridge Street, Metuchen, NJ 08840, Tel: 732-767-3020, Email: heng.wang@wanggaolaw.com, in writing, via Email and USPS First-Class Mail, of his intent to do so, and Defendants shall have ten (10) calendar days thereafter to remedy their default.

11. If Defendants do not remedy the default within ten (10) calendar days of Defendants' Attorney's receipt of such notice, I hereby authorize the entry of judgment against the Corporate Defendant WASABI N' WOK INC (jointly and severally liable with the other individual Defendants in the above referenced caption) for the entire amount of Ninety-Four Thousand Five Hundred Dollars ($94,500.00), plus statutory interest thereon for each day beginning on and inclusive of the entry of judgment until said amount is paid by Defendants, together with all costs and attorneys fees incurred by Plaintiff in connection with any efforts to enforce the confessed judgments less any payments made under the Agreement.

12. I am represented by counsel and have been fully advised in regard to this Agreement and Confession of Judgment.

13. I authorize entry of judgment in the State of New Jersey.

14. I hereby authorize this confessed judgment to be entered with the clerk of any court of competent jurisdiction in New Jersey.

Dated: 08/08/2019

08/08/2019.

Name: _Hon Tan_

Title: _President._

for WASABI N' WOK INC

Sworn to me this 8 day of August 2019

_Veronica Tkach_

Notary Public

VERONICA TKACH
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires 10/27/2020